**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALBERT WALMER,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-01725-WFJ-AAS**

**EQUIFAX INFORMATION SERVICES, LLC, et al.,**

**Defendants.**
______________________________________/

**ORDER**

Plaintiff Albert Walmer, who is proceeding *in forma pauperis*, requests to resubmit his USM-285 form for service by the United States Marshal Service. (Doc. 18). Mr. Walmer submitted his USM-285 form for service on Verizon Wireless, and service was attempted on September 28, 2026. (*See* Doc. 17). However, Mr. Walmer received a rejection of service of process form. (Doc. 18-1, p. 2). Mr. Walmer is currently incarcerated and believes he has located the correct address for service on Verizon Wireless, and he requests an order directing service at that address. (Doc. 18).

Although Mr. Walmer is proceeding *pro se* and *in forma pauperis*, and officers of the court are therefore charged with serving Verizon Wireless, it is Mr. Walmer's responsibility to "provide the proper address for each [d]efendant on the USM 285 Form" to "ensure adequate service of process[.]" *Woodley v.*

*Illuminating Props.*, LLC, No. 1:24-cv-03576-LMM, 2024 WL 4535277, at *1 (N.D. Ga. Sept. 27, 2024); *see also Walker v. Roberson*, No. CV 308-016, 2009 WL 2338035, at *5 (S.D. Ga. July 27, 2009) (citation omitted) (recommending dismissal of two defendants for failure to serve, explaining that while plaintiff's *in forma pauperis* status allowed him "to rely on [ ] the Marshal to effect service of process, he [was] responsible for determining the appropriate names and service address for [d]efendants . . . such that the[ ] [d]efendants may be located to effect service").

That said, although the service deadline has expired, Mr. Walmer was unaware that service was not properly effectuated until he received the notice dated October 1, 2026. Even when a plaintiff has not shown "good cause for failing to timely effect service, [the] [C]ourt 'must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" *Duncan v. CCA McRae Corr. Facility*, No. CV 308-047, 2009 WL 1151620, at *1 (S.D. Ga. Apr. 27, 2009) (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007)). "Nevertheless, the decision to extend the time for service is within the Court's sound discretion." *Id.* Considering the circumstances of this case, the court will allow one attempt at re-service on Verizon Wireless.

Accordingly, Mr. Walmer's motion (Doc. 18) is **GRANTED**. Mr. Walmer must complete and return the "Summons in a Civil Action" and USM-285

forms to the Clerk's Office by **December 30, 2026**, at which point the United States Marshal Service is directed to serve the summons and amended complaint (Doc. 13) on the appropriate parties. The Clerk is **DIRECTED** to send the Summons in a Civil Action and USM-285 forms to Mr. Walmer at his stated address, along with this order.

**ORDERED** in Tampa, Florida, on November 25, 2026.



AMANDA ARNOLD SANSONE
United States Magistrate Judge